**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | | |
|---|---|---|
| **RBR-Technologies, Inc.**<br>2288 Blue Water Blvd.<br>Suite 322<br>Odenton, MD 2113<br><br>        **Plaintiff,**<br><br>v.<br><br>**SPG Institute, Inc.**<br>14800 Conference Center Drive<br>Suite 300<br>Chantilly, VA 20151<br><br>Serve on:<br>**Christopher Paul Soucie**<br>Registered Agent<br>14800 Conference Center Drive<br>Suite 300<br>Chantilly, VA 20151<br><br>**SP Global, Inc.**<br>14800 Conference Center Drive<br>Suite 300<br>Chantilly, VA 20151<br><br>Serve on:<br>**Dan B. Tolley**<br>Registered Agent<br>14800 Conference Center Drive<br>Suite 300<br>Chantilly, VA 20151<br><br>**Dr. Dan Tolley**<br>16545 Chestnut Overlook Drive<br>Purcellville, VA 20132<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>Case No. |

# COMPLAINT

Plaintiff, RBR-Technologies, Inc. ("RBR"), by and through its undersigned counsel, Offit Kurman, P.A., hereby files the instant Complaint against Defendants, SPG Institute, Inc., SP Global, Inc., and Dr. Dan Tolley, and in support thereof avers as follows:

## PARTIES

1. RBR-Technologies, Inc. is a Maryland corporation with a principal place of business located at 2288 Blue Water Blvd., Suite 322, Odenton, MD 21113.

2. Defendant, SPG Institute, Inc. ("SPGI"), is a corporation with a principal place of business located at 14800 Conference Center Drive, Suite 300, Chantilly, VA 20151.

3. Defendant, SP Global, Inc. ("SP Global"), is a corporation with a principal place of business located at 14800 Conference Center Drive, Suite 300 Chantilly, VA 20151.

4. Upon information and belief, Dr. Dan Tolley is a resident of Virginia, and is an adult individual residing at 16545 Chestnut Overlook Drive, Purcellville, VA 20132.

5. Defendant Dr. Dan Tolley operates as President and Chief Technology Officer of SP Global, Inc.

## JURISDICTION, VENUE, AND PLACE OF TRIAL

6. Jurisdiction in the United States District Court is authorized pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000 and is between citizens of different states.

**7.** Venue is appropriate in the United State District Court for the Eastern District of Virginia because all defendants are citizens of the Commonwealth of Virginia.

## STATEMENT OF FACTS

8. Upon information and belief, prior to August 2019, the United States Air Force retained SPGI to design, develop, and provide technical support associated with cloud-based technology in support of artificial intelligence advancement sought by the United States Air Force.

9. On August 1, 2019, SPGI entered into a Cooperative Agreement Subaward with RBR wherein RBR agreed to provide certain technical support associated with the cloud-based technology development. A copy of the August 1, 2019 Cooperative Agreement Subaward between RBR and SPGI is attached hereto as Exhibit 1 and incorporated herein by reference.

10. The Cooperative Agreement Subaward ("Subaward") obligated RBR to provide services in support of the Air Force Cognitive Engine for a two-year period between August 1, 2019 and July 31, 2021. *See* Exhibit 1.

11. In exchange for the performance of those services, SPGI agreed to compensate RBR a total sum of $4,799,435.00. *See* Exhibit 1.

12. The Subaward required RBR to invoice SPGI monthly for services provided over the two-year period. *See* Exhibit 1 § 6 and Attachment B.

13. Invoices were to contain data on the remaining contract value with monthly reductions taken for each invoice and additional information, including an invoice number, invoice date, subaward number, period of performance, and total charges. *See* Exhibit 1 § 6(d).

14. Invoices were also to contain a written certification as to each respective invoice's accuracy and records in support of same executed and dated by an authorized agent of RBR. *See* Exhibit 1 §§ 6(e) and 6(f).

15. SPGI, in turn, was obligated to pay RBR within fifteen (15) days of receipt of such monthly invoices. *See* Exhibit 1 § 6(c).

### Invoices at Issue

16. On August 4, 2020, RBR submitted an invoice to SPGI for services performed between June 15, 2020 and July 12, 2020, for a total amount of $213,867.21.

17. That invoice was in the form required by the Subaward, and thus, all conditions precedent for payment to become due were met.

18. As such, SPGI was to issue payment to RBR within fifteen (15) days of receipt of the August 4, 2020 invoice.

19. In violation of the terms of the Subaward, SPGI failed to pay RBR for any portion of the services encompassed by the August 4, 2020 invoice within fifteen (15) days of receipt of the invoice.

20. As of the date of this filing – more than six (6) months following submission of the August 4, 2020 invoice – SPGI has failed to pay RBR for the services encompassed by the August 4, 2020 invoice, causing RBR to incur significant financial injury.

21. Further, SPGI has failed to pay RBR for **any** invoice submitted **after** August 4, 2020, despite each such invoice being in the form required by the Subaward, and thus, becoming due for payment within fifteen (15) days of receipt.

22. More specifically, RBR has submitted subsequent invoices to SPGI as follows:

   a. August 25, 2020 invoice for the period covering July 13, 2020-August 9, 2020 totaling **$237,450.14**;

   b. October 6, 2020 invoice for the period covering August 10, 2020-September 6, 2020 totaling **$249,689.53**;

   c. October 23, 2020 invoice for the period covering September 7, 2020-October 4, 2020 totaling **$187,744.22**;

   d. November 5, 2020 invoice for the period covering October 5, 2020-November 1, 2020 totaling **$210,435.69**;

   e. December 1, 2020 invoice for the period covering November 2, 2020 - November 29, 2020 totaling **$142,816.01**

   f. December 30, 2020 invoice for the period covering November 30, 2020-December 27, 2020 totaling **$139,469.97**; and

g. January 25, 2021 invoice for the period covering December 28, 2020 – January 24, 2021 totaling **$86,013.82**.

23. Currently, the outstanding unpaid invoices submitted to SPGI from RBR total **$1,467,486.59**.

## Communications with SPGI

24. On September 11, 2020, RBR contacted SPGI regarding an overdue unpaid August 4, 2020 invoice.

25. At that time, SPGI informed RBR that the overdue unpaid invoice was due to an accounting error and indicated that it was diligently working to resolve the accounting issue.

26. On or about October 9, 2020, RBR again contacted SPGI regarding the overdue unpaid invoices as it had yet to receive payment for those invoices.

27. On that same day, SPGI requested RBR's wire transfer information so that "corporate" could wire payment to RBR for all outstanding invoices.

28. RBR understood that SPGI's reference to "corporate" indicated that SP Global would be wiring funds to fulfill SPGI's outstanding debt, particularly because individuals with SP Global's email address domains, including Dr. Dan Tolley, were copied on electronic communications regarding the outstanding payment issue.

29. On or about the following day, on October 10, 2020, RBR provided SPGI with its wire transfer information.

30. After approximately two weeks transpired and RBR still had not received payment for the outstanding invoices at that time, on or about October 23, 2020, RBR again contacted SPGI inquiring into the status for payment for all outstanding invoices.

31. Three days later, on or about October 26, 2020, SPGI indicated that "corporate" would be wiring the funds that same day.

5

32. Again, individuals with SP Global's email address domains, including Dr. Dan Tolley, were copied on electronic communications regarding the outstanding payment issue.

33. Not having received payment by the following day, on or about October 27, 2020, RBR again contacted SPGI to inquire into the status of payment of the outstanding invoices.

34. SPGI responded the same day by indicating that "corporate" would have to respond to provide an update on payment.

### Direct Communications with SPG and Dr. Dan Tolley

35. On or about the same day, October 27, 2020, Dr. Dan Tolley, via his SP Global email address domain, inquired into RBR's availability for an in-person meeting to discuss the payment issues.

36. In verbal communications between RBR and Dr. Tolley, Dr. Tolley indicated that RBR would receive payment on all outstanding invoices before the end of the week of November 8, 2020.

37. Dr. Tolley also represented that SP Global, as the parent company of SPGI, would pay RBR an 18% APY bonus on all outstanding invoices due as a result of the continued issues with payment.

38. On November 12, 2020, RBR, having not received payment on any outstanding invoices, contacted Dr. Tolley to inquire into the status of payment as the week was almost over.

39. In verbal communications between RBR and Dr. Tolley, Dr. Tolley indicated that RBR would receive payment on all outstanding invoices before the end of the week of November 15, 2020.

40. On or about November 18, 2020, RBR, having not received payment on its outstanding invoices, contacted Dr. Tolley to inquire into the date and time RBR could expect to receive payment for the outstanding invoices.

41.     That same day, Dr. Tolley, from his SP Global email address domain, indicated that payment would be wired no later than 3:30pm on the following day, November 19, 2020.

42.     In that same electronic communication, Dr. Tolley reconfirmed that SP Global would pay RBR an 18% APR bonus due to the continued issues with payment. A copy of the November 18, 2020 electronic correspondence is attached hereto as Exhibit 2.

43.     RBR did not receive payment for any outstanding invoices on November 19, 2020.

44.     RBR also did not receive payment for the 18% APR bonus on November 19, 2020.

45.     Verbal communications between RBR and Dr. Tolley continued throughout November 2020, with Dr. Tolley promising, representing, and ensuring that RBR would receive payment on all outstanding invoices before the end of the month.

46.     RBR did not receive payment for any outstanding invoices before the close of November 2020.

47.     Despite RBR's repeated attempts to contact Dr. Tolley in December 2020 and January 2021 to inquire into the status of payment for the outstanding invoices, Dr. Tolley failed to return any of RBR's communications.

48.     As of the date of this filing, SPGI's outstanding unpaid invoices total $1,467,486.59.

49.     Calculated with the 18% APR bonus Dr. Tolley bound SP Global to pay, RBR's total outstanding balance is $1,544.529.78.

### COUNT I – Breach of Contract (RBR v. SPGI)

50.     RBR incorporates by reference the allegations of the foregoing paragraphs as if the same were set forth at length herein.

51.     RBR and SPGI entered into the Subaward for the performance of certain technical support associated with cloud-based technology development for the United States Air Force.

52. The Subaward obligated SPGI to pay RBR for services invoiced within 15 days of receipt of an invoice.

53. SPGI breached the Subaward in failing to pay RBR for services invoiced on August 4, 2020, August 25, 2020, October 6, 2020, October 23, 2020, November 5, 2020, December 1, 2020, December 30, 2020, and January 25, 2021 within 15 days of receipt of each respective invoice.

54. SPGI continues to breach the Subaward in completely failing to pay RBR for any services invoiced on and after August 4, 2020.

55. As a direct and proximate result of SPGI's failure to pay RBR for invoices submitted on August 4, 2020, August 25, 2020, October 6, 2020, October 23, 2020, November 5, 2020, December 1, 2020, December 30, 2020, and January 25, 2021 RBR has sustained financial damage in an amount in excess of $1,467,486.59.

56. As a direct and proximate result of SPGI's failure to pay RBR for the invoices at issue, RBR was forced to lay off employees and sustained damage in the form of employees preemptively leaving due to fear of being laid off.

57. As a direct and proximate result of SPGI's failure to pay RBR for the invoices at issue, RBR has incurred damage in the form of attorneys' fees and costs.

58. Pursuant to the terms of the Subaward, RBR is entitled to recover all reasonable costs incurred in pursuit of its instant claims. *See* Exhibit 1 § 13(c).

WHEREFORE, Plaintiff RBR-Technologies, Inc. respectfully demands trial by jury as well as judgment against Defendant SPG Institute, Inc. in an amount to be proven at trial, inclusive of attorneys' fees and costs, and such other and further relief which the Court may deem just, proper and equitable.

## COUNT II – Unjust Enrichment (RBR v. SPGI)

59. RBR incorporates by reference the allegations of the foregoing paragraphs as if the same were set forth at length herein and Count II is plead in the alternative to Count I.

60. The parties agreed, orally, and by their course of contact that SPGI would pay RBR for certain technical support associated with cloud-based technology development provided to the United States Air Force.

61. RBR conferred a benefit upon SPGI in performing said services as reflected in the invoices submitted on August 4, 2020, August 25, 2020, October 6, 2020, October 23, 2020, November 5, 2020, December 1, 2020, December 30, 2020, and January 25, 2021.

62. SPGI knew of the benefit conferred and should have reasonably expected to repay RBR for the value of the benefit conferred.

63. SPGI accepted and/or retained the benefit conferred by RBR without paying for its value.

64. SPGI's retention of the benefits provided by RBR without paying for said services, as more fully set forth above, would be unjust.

65. In the alternative, and not in addition to the amount demanded in Count I of this Complaint, RBR is entitled to an amount in excess of $1,467,486.59 from SPGI.

WHEREFORE, Plaintiff RBR-Technologies, Inc. respectfully demands trial by jury as well as judgment against Defendant SPG Institute, Inc. in an amount to be proven at trial, and such other and further relief which the Court may deem just, proper and equitable.

## COUNT III – Negligent Misrepresentation (RBR v. SPGI)

66. RBR incorporates by reference the allegations of the foregoing paragraphs as if the same were set forth at length herein and Count III is plead in the alternative to Counts I and II.

67. As more fully set forth above, SPGI made multiple representations that payment for overdue invoices would be wired to RBR on certain dates.

68. SPGI's representations were knowingly and intentionally false in that payment for overdue invoices was not wired on the dates SPGI represented it would be and has yet to wire payment as of the date of this filing.

69. SPGI owed a duty to RBR to issue payment for invoices in accordance with the terms of the Subaward – a duty which it failed to fulfill.

70. SPGI intended RBR to not pursue its rights to enforce the terms of the Cooperative Agreement Subaward and pursue a breach of contract action against SPGI by making its false representations that overdue payment would be issued on certain dates, as more fully set forth above.

71. SPGI either knew or had reason to know that RBR would rely on its false representations regarding the various dates by which SPGI indicated payment on overdue invoices would be issued.

72. In reliance on SPGI's representations regarding issuance of payment on overdue invoices, RBR did not pursue any legal recourse to enforce its rights under the Cooperative Agreement Subaward.

73. As a direct result of relying on SPGI's false statements, RBR has sustained financial damages in excess of $1,467,486.59.

WHEREFORE, Plaintiff RBR-Technologies, Inc. respectfully demands trial by jury as well as judgment against Defendant SPG Institute, Inc. in an amount to be proven at trial, and such other and further relief which the Court may deem just, proper and equitable.

## COUNT IV – Breach of Contract
## (RBR v. SP Global, as guarantor of SPGI's debts)

74. RBR incorporates by reference the allegations of the foregoing paragraphs as if the same were set forth at length herein.

75. As more fully set forth above, SP Global, through its executive Dan Tolley, made representations that implied it would act as a guarantor of SPGI's obligation to issue payment to RBR for the overdue invoices at issue. *See* Exhibit 2.

76. SP Global breached this obligation by failing to pay RBR for services invoiced to SPGI on August 4, 2020, August 25, 2020, October 6, 2020, October 23, 2020, November 5, 2020, December 1, 2020, December 30, 2020, and January 25, 2021 within 15 days of receipt of each respective invoice.

77. SP Global continues to breach this obligation by failing to pay RBR for any services invoiced on and after August 4, 2020.

78. As a direct and proximate result of SP Global's failure to pay RBR for invoices submitted to SPGI on August 4, 2020, August 25, 2020, October 6, 2020, October 23, 2020, November 5, 2020, December 1, 2020, December 30, 2020, and January 25, 2021, RBR has sustained financial damage in an amount in excess of $1,467,486.59.

79. As a direct and proximate result of SP Global's failure to pay RBR for the invoices at issue, RBR was forced to lay off employees and sustained damage in the form of employees preemptively leaving due to fear of being laid off.

WHEREFORE, Plaintiff RBR-Technologies, Inc. respectfully demands trial by jury as well as judgment against Defendant SPG Institute, Inc. in an amount to be proven at trial, and such other and further relief which the Court may deem just, proper and equitable.

## COUNT V – Actual Fraud
## (RBR v. SP Global and Dr. Dan Tolley)

80. RBR incorporates by reference the allegations of the foregoing paragraphs as if the same were set forth at length herein.

81. As more fully set forth above, Dr. Tolley, on behalf of SP Global and himself, made multiple representations that payment for overdue invoices would be wired to RBR on certain dates.

82. Each of Dr. Tolley's misrepresentations, on behalf of SP Global and himself, were false at the time they were made because Dr. Tolley knew that he and SP Global never intended to pay the invoices.

83. Each of Dr. Tolley's misrepresentations, on behalf of SP Global and himself, were made knowingly, willfully, and maliciously with the intent to defraud RBR by retaining the benefit of RBR's services without paying for them.

84. As more fully set forth above, Dr. Tolley, on behalf of SP Global and Dr. Tolley, made multiple false representations that they would pay an 18% APR bonus to RBR for SPGI's failure to timely issue payment for the invoices at issue.

85. Dr. Tolley's representations were false in that payment for overdue invoices was not wired on the dates SP Global represented it would be and has yet to be wired as of the date of this filing.

86. Dr. Tolley's representations were false in that SP Global never paid RBR an 18% APR bonus for SPGI's failure to timely issue payment for the invoices at issue.

87. SP Global's false representations regarding the issuance of payment on the overdue invoices and 18% APR bonus were made by Dr. Tolley, who, in his position as President of SP Global, knew or had reason to know of their falsity.

88. Dr. Tolley, on behalf of SP Global and himself, intended to defraud RBR in making his false representations that SP Global would issue payment on the overdue invoices as evidenced by the numerous representations about specific dates by which payment would be issued and never was, as more fully set forth above.

89. RBR had a right to rely upon, and did reasonably rely upon, Dr. Tolley's false representations in light of his position as President of SP Global.

90. In reliance on Dr. Tolley's false representations, RBR did not pursue any legal recourse to enforce its rights under the Cooperative Agreement Subaward regarding the overdue invoices at issue.

91. As a direct result of relying on Dr. Tolley's false statements, RBR has sustained financial damages in excess of $1,467,486.59.

WHEREFORE, Plaintiff RBR-Technologies, Inc. respectfully demands trial by jury as well as judgment against Defendant SP Global, Inc. in an amount to be proven at trial, inclusive of attorneys' fees and cost, and such other and further relief which the Court may deem just, proper and equitable

### COUNT VI – Negligent Misrepresentation
### (RBR v. SP Global and Dr. Dan Tolley)

92. RBR incorporates by reference the allegations of the foregoing paragraphs as if set forth at length herein.

93. As more fully set forth above, SP Global, by and through Dr. Tolley, made multiple representations that payment for overdue invoices would be wired to RBR on certain dates.

94. Each of Dr. Tolley's misrepresentations, on behalf of SP Global and himself, were false at the time they were made because Dr. Tolley knew that he and SP Global never intended to pay the invoices.

95. Each of Dr. Tolley's misrepresentations, on behalf of SP Global and himself, were made knowingly, willfully, and maliciously with the intent to defraud RBR by retaining the benefit of RBR's services without paying for them.

96. As more fully set forth above, SP Global, by and through Dr. Tolley, made multiple false representations that they would pay an 18% APR bonus to RBR for SPGI's failure to timely issue payment for the invoices at issue.

97. Dr. Tolley's representations were false in that payment for overdue invoices was not wired on the dates SP Global represented it would be and has yet wire payment to RBR as of the date of this filing.

98. Dr. Tolley's representations were false in that SP Global never paid RBR an 18% APR bonus for SPGI's failure to timely issue payment for the invoices at issue.

99. SP Global and Dr. Tolley, as guarantors of SPGI's obligations to issue payment to RBR, owed a duty to RBR to issue payment for invoices in accordance with the terms of the Subaward – a duty which it failed to fulfill.

100. SP Global through Dr. Tolley intended RBR to not pursue its rights to enforce the terms of the Subaward and pursue a breach of contract action against SPGI and/or SP Global as guarantor of SPGI's obligations to pay RBR by making its false representations that overdue payment would be issued on certain dates, as more fully set forth above.

101. SP Global through Dr. Tolley intended RBR to not pursue its rights to enforce the terms of the Cooperative Agreement Subaward and pursue a breach of contract action against SPGI and/or SP Global as guarantor of SPGI's obligations to pay RBR by making its false representations that it would issue an 18% APR bonus to RBR, as more fully set forth above.

102. SP Global through Dr. Tolley either knew or had reason to know that RBR would rely on its false representations regarding the various dates by which SP Global indicated payment on overdue invoices and payment of an 18% APR bonus would be issued.

103. In reliance on Dr. Tolley's representations regarding issuance of payment on overdue invoices and payment of an 18% APR bonus, RBR did not pursue any legal recourse to enforce its rights under the Subaward.

104. As a direct result of relying on Dr. Tolley's false statements, RBR has sustained financial damages in excess of $1,467,486.59.

WHEREFORE, Plaintiff RBR-Technologies, Inc. respectfully demands trial by jury as well as judgment against Defendants SP Global, Inc. and Dr. Dan Tolley in an amount to be proven at trial, and such other and further relief which the Court may deem just, proper and equitable.

### COUNT VII – Piercing the Corporate Veil
### (RBR v. SP Global and Dr. Dan Tolley)

105. RBR incorporates by reference the allegations of the foregoing paragraphs as if set forth at length herein.

106. Each of Dr. Tolley's misrepresentations, on behalf of SP Global and himself, were false at the time they were made because Dr. Tolley knew that he and SP Global never intended to pay the invoices.

107. Each of Dr. Tolley's misrepresentations, on behalf of SP Global and himself, were made knowingly, willfully, and maliciously with the intent to defraud RBR by retaining the benefit of RBR's services without paying for them.

108. Dr. Dan Tolley's conduct as described in this pleading constitutes his controlling and using SP Global to perpetuate fraud, to commit injustice, and to gain an unfair advantage.

109. Dr. Dan Tolley has used his control over SP Global, as President and Chief Technology Officer of SP Global, to engage in fraud and to insulate himself from any liability or judgments.

110. For the reasons state above, this Honorable Court should pierce SP Global's corporate veil and disregard its existence as a corporation.

111. Accordingly, Dr. Dan Tolley should be held personally liable for the debt owed to RBR.

WHEREFORE, Plaintiff, RBR-Technologies, Inc. respectfully requests this Court disregard SP Global, Inc's corporate structure and demands judgment personally against Defendant Dr. Dan Tolley in an amount to be proven at trial, and such other and further relief which the Court may deem just, proper, and equitable.

**RBR-Technologies, Inc.**

Date: February 24, 2021

By: /s/ Mark E. Shaffer
Mark E. Shaffer (VSB # 75407)
Offit Kurman, P.A.
8000 Towers Crescent Drive, Suite 1400
Tysons Corner, Virginia 22182
Mark.Shaffer@offitkurman.com
Tel. 703-745-1820
Fax. 703-745-11835
*Counsel to Plaintiffs*

4852-1092-2462, v. 5