IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RBR-TECHNOLOGIES, INC.     :
             :
    Plaintiff,      :
             :
    v.        :   Case No.1:21 cv 00213
             :
SPG INSTITUTE, INC., *et al.*    :
             :
    Defendants.    :

## <u>MEMORANDUM IN OPPOSITION TO PLAINTIFF RBR-TECHNOLOGIES, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT DR. DAN TOLLEY</u>

### INTRODUCTION

Plaintiff RBR-Technologies, Inc.'s (hereinafter "Plaintiff RBR") Motion for Summary Judgment as to its claims for Breach of Contract (Count 1 and 4), Unjust Enrichment (Count 2), Negligent Misrepresentation (Count 3 and 6), Actual Fraud (Count 5) and Piercing the Corporate Veil (Count 7) should be denied. Genuine issues of material facts necessary for proof of the aforementioned causes of action exist making summary judgment inappropriate. Defendant Dr. Dan Tolley (hereinafter "Defendant Tolley"), by counsel, requests that this Court enter an order denying Plaintiff's Motion for Summary Judgment.

### BACKGROUND

Plaintiff RBR has filed this action against Defendants SP Global, Inc, (hereinafter "SPG") and SPG Institute, Inc. (hereinafter "SPGI") for Breach of Contract (Count 1), Unjust Enrichment (Count 2), Negligent Misrepresentation (Count 3) and against Defendant Tolley for Fraud (Count 4), Negligent Misrepresentation (Count 5), and Piercing the Corporate Veil (Count 6). Plaintiff RBR alleges that SPGI has failed to pay

invoices due and owing for work performed by Plaintiff RBR on a federal contract awarded to SPGI and for which Plaintiff RBR was a subcontractor to SPGI.  SPG and Defendant Tolley have also been included in the suit as it is alleged that Defendant SPG is the guarantor of payment on behalf of Defendant SPGI.  Further, Plaintiff RBR alleges that Defendant Tolley made false representations regarding the non-payment of invoices which amount to fraud and permits the Plaintiff to pierce the corporate veil of both corporate Defendants.

### DEFENDANT TOLLEY'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 56, Defendant Tolley responds to Plaintiff's Statement of Material Facts Not In Dispute as follows:

1.      Defendant Tolley disputes the facts sets forth by Plaintiff RBR in Plaintiff's Statement of Materials Facts not in Dispute:

- Paragraph 2 asserts that SPGI entered into various agreements regarding a contract with the United States Air Force and provided a citation to a deposition transcript for which the cite does not provide any information relating to the fact asserted.

- Paragraph 5 references a citation to a document which does not provide any information relating to the fact asserted.

- Paragraph 14 references a citation to a deposition transcript and the citation mentions nothing relating to the fact asserted.

- Paragraph 25 is disputed in that Plaintiff RBR has not abided by all conditions required for seeking payment for work done to include a requirement of a mandatory arbitration which was not requested.  (*RBR*

Exhibit B, Subaward)[1].

- Paragraph 26 references a citation to a document which does not provide any information relating to the fact asserted.

- Paragraph 31 is disputed as it mischaracterizes the testimony of Marcia Gross who advised Plaintiff that the check had been "cut" and not mailed.

- Paragraph 36 references a citation to a deposition transcript not provided as an Exhibit. (RBR Exhibit E, Tolley Dep.).   Further, Paragraph 36 mischaracterizes the statements made by Thomas Burns for the cited exhibit which was included. (*RBR* Exhibit A, Burns Dep. Volume I, P. 87, 4- P. 91, L. 16.)   Thomas Burns advised that he directed monies to be transferred pursuant to a different account structure.   (RBR Exhibit A, Burns Dep. Volume I, P. 90-91; *See also* RBR Exhibit L, Tolley Dep. Volume 2, P. 241, L. 11-19, P. 242, :. 9-13).   Further, Mr. Burns consulted with counsel prior to directing the movement of the money and the change in the account structure maintained by the corporations.    (RBR Exhibit L, Tolley Dep. Volume 2, P. 244, L. 17-25)   The monies were not used to pay debts of SPG or SPGI.   (RBR Exhibit A, Burns Dep. Volume I, P. 87, 4-P. 91, L. 16.)

- Paragraph 37 mischaracterizes the statements made by Defendant Tolley and Thomas Burns for the cited exhibits which were included as Dan Ehlert made transfers of money in addition to Defendant Tolley all at the direction of Thomas Burns.  (RBR Exhibit A, Burns Dep. Volume I, P. 87, 4-P. 91, L.

---

[1] References to Exhibits provided by Plaintiff RBR in its Motion for Summary Judgment and Memorandum in Support will be referred to as RBR Exhibit ___.

16).  In addition, Plaintiff RBR cites to an exhibit not provided to the Court. (RBR Exhibit E, Tolley Dep., Volume I).  Thomas Burns advised that he directed monies to be transferred pursuant to a different account structure. (RBR Exhibit A, Burns Dep. Volume I, P. 90-91; (See also RBR Exhibit L, Tolley Dep. Volume 2, P. 241, L. 11-19, P. 242, :. 9-13).  Further, Mr. Burns consulted with counsel prior to directing the movement of the money and the change in the account structure maintained by the corporations.  (RBR Exhibit L, Tolley Dep. Volume 2, P. 244, L. 17-25).  The monies were not used to pay debts of SPG or SPGI.  (RBR Exhibit A, Burns Dep. Volume I, P. 87, 4-P. 91, L. 16.)

- Paragraph 41 contains an incorrect summary of statements made by Defendant Tolley and Thomas Burns.  In addition, Plaintiff RBR cites to an exhibit not provided to the Court. (*See reference* to RBR Exhibit E, Tolley Dep. Volume I, Page 112, L. 18-P. 114, L. 19) (See Tolley Exhibit 1 containing full transcript including confidential portions)[2].  Mr. Burns confirmed the ability to pay subrecipients was going to be difficult as of April 2020.  (RBR Exhibit A, Burns Dep. Volume I, P. 97, L. 3-P. 99, L. 8, P. 110, L. 8-P.112, L. 3.)  However, he also confirmed contemporaneous efforts to secure funding for the business to address invoices.  *Id.*; (Tolley Exhibit 1, P43, L. 19-22.)

- Paragraph 43 contains a reference to a cited deposition transcript that does

_____

[2] References to Exhibits provided in support of this Memo in Opposition will hereinafter be referred to as Tolley Exhibit ____.

not provide any information relating to the fact asserted.  (Tolley Exhibit 1, Tolley Dep, Vol. 1).  Thomas Burns did not identify February 2020 as a time when it became "obvious" to him that payments would not be made.  Rather, Mr. Burns testified that money committed by an investor was going to be used by SPG and various subcompanies to pay outstanding invoices and obligations to include RBR invoices.  (RBR Exhibit A, Burns Dep. Volume I, P. 97, L. 3-P. 99, L. 8, P. 110, L. 8-P.112, L. 3.)  Efforts to secure investor funds started in 2018 by Mr. Burns prior to the Subaward contract and any relationship with Plaintiff RBR.  (See Exhibit 1, Tolley Dep. Vol. 1, P. 42).

- Paragraph 57 is disputed as phrased.  The record cited does not reference payment being made on November 19, 2020.  (RBR 37-40; E.C.F. No. 1 ¶ 41; E.C.F. No. 15 ¶ 41; E.C.F. No. 16 ¶ 41).

- Paragraph 62 is disputed as containing no evidence of any stated "intent" on the part of SPGI and SPG of what RBR would do with any information provided.  Defendant Tolley responded to RBR based upon information then available.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P 49-53).  Throughout 2020 and 2021, Thomas Burns served as the point of contact for the investor and Defendant Tolley received regular updates as to the funds forthcoming. (RBR Exhibit A, Burns Depo. Vol. 1, P. 104-107; RBR Exhibit L, Tolley Depo. Vol. 2, P. 206).

- Defendant Tolley disputes paragraph 63 as neither Defendant Tolley nor Thomas Burns, as corporate designee of SPGI and SPG made any statement that any representations made to RBR were done knowing the

funds from the contract had been used for an improper purpose.  (RBR Exhibit A, Burns Dep. Volume I, P. 87, 4-P. 91, L. 16)  In addition, Plaintiff RBR cites to an exhibit not provided to the Court.  (Tolley Exhibit 1, Tolley Dep. Volume I, P. 114, L. 21-P. 115, L. 7).   Thomas Burns directed the movement of the contract funds and the management of the corporate bank accounts holding said funds.  (RBR Exhibit L, Burns Depo. Vol. 1, Page 21-242, 244, L. 17-25).   In addition, those decisions were made after consultation with legal counsel.  *Id.*

- Defendant Tolley disputes paragraph 65 as misstating statements made by Defendant Tolley in his deposition.  Defendant Tolley testified that in February 2020, the companies began having trouble getting money in and as of July 2020, the companies anticipated using investor funds to assist with cash flow issues.  (Tolley Exhibit 1, Tolley Dep. Volume I, Page 112, L. 18-P.114, L. 19).

- Defendant Tolley disputes paragraph 68 as Defendant Tolley did not state that he had concerns about securing funding from the investor.  (RBR Exhibit L, Tolley Dep. Volume II, P. 235, L. 12-P. 242, L. 8).  Defendant Tolley was not concerned with the ability to secure funds from the investor and instead, was concerned with the barriers to receipt of the funds presented by issues created by the COVID-19 pandemic.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P. 49-53; RBR Exhibit A, Burns Depo. Vol. 1, P. 91-95).  Further both, Thomas Burns and Defendant Tolley were in regular contact with the investor and in receipt of sworn statements from the investor as to

the status of the funds.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P 49-53; RBR Exhibit A, Burns Depo. Vol. 1, P104-107).

- With regard to Paragraph 71, Thomas Burns confirmed that "you do not ask an investor for proof of funds unless he's somebody that stumbles in of the street."  (RBR Exhibit A, Burns Dep. Volume I, P. 100, L. 11- P. 101, L. 3). Further Thomas Burns also confirmed that he took several steps to vet the potential investors that SPG and SPGI considered during the time period from 2017 through the present. (Tolley Exhibit 1, Burns. Dep. Volume 1, P. 100).

- Defendant Tolley objects to the characterization set forth in Paragraph 73. A document entitled proof of funds was not solicited nor provided by any investor considered by SPG or SPGI.  However, the fact that no such document was provided also served as no basis for Defendant Tolley, Mr. Burns or SPG or SPGI to question the investor.  Neither Defendant Tolley nor Mr. Burns made any representation of concern as expressed in Paragraph 73.  (RBR Exhibit A, Burns Dep. Volume I, P. 101, L. 4-8; Burns Dep. Volume I, P. 100, L. 11- P. 101, L. 3; RBR Exhibit E, Tolley Dep. Volume I, P. 44, L. 6-8).  Further, Thomas Burns researched and vetted the investor and had been in contact with the investor since 2018.  (RBR, Exhibit A, Burns Depo. Vol. 1, P. 100-101, P. 115; Tolley Exhibit 1, Tolley Depo. Vol. 1, P. 63, 70).

- Paragraph 76 does not contain a complete statement and therefore, to the extent a response is required, Paragraph 76 is disputed.

- Paragraph 78 is disputed.  SPGI and SPG, through their corporate designee Thomas Burns, confirmed that no funds have yet been received from the investor.  However, Mr. Burns also detailed the various challenges the investor has encountered with attempting transfers from international locations as a result of unforeseen circumstances created by the pandemic. (RBR Exhibit A, Burns. Dep. Volume 1, P. 91-95).

- Paragraph 79 references a document not produced in discovery and which has no relevance to the causes of action in this case.

2.     Pursuant to Rule 56(B) of the Local Rules of Civil Procedure and Rule 56(c)(2),  Defendant Tolley objects to the facts proffered by Plaintiff RBR in paragraphs 40, 80, 81, 82, 83, and 84 as multi-level hearsay, several statements with unidentified declarants.  Unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. *See Orsi v. Kirkwood*, 999 F.2d. 86 (4th Cir., 1993).  Further Defendant Tolley disputes that any of the alleged information is material to the causes of action.

**ARGUMENT**

Plaintiff RBR seeks summary judgment against Defendant Tolley, individually, for claims of Fraud (Count V), Negligent Misrepresentation (Count VI) and Piercing the Corporate Veil (Count VII).  Given the existence of material facts in dispute as to these allegations against Defendant Tolley, Plaintiff's summary judgment motion should be denied as to Count V, VI, VII regarding Defendant Tolley.

## I.      STANDARD OF REVIEW – SUMMARY JUDGMENT

Federal Rules of Civil Procedure provide that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a); *see also McKinney v. Bd of Trustees of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992) ("[S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the fact is not necessary to clarify the application of the law.").  In deciding a motion for summary judgment, this Court must view the facts, and inferences to be drawn from the facts, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87. Summary judgment will not be granted against a party who makes "a showing sufficient to establish the existence of disputed facts as to an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "Genuineness means that the evidence must create fair doubt; wholly speculative assertions will not suffice." *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), *abrogated on other grounds by, Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).

Grants of summary judgment motions are warranted if the pleadings, answers to interrogatories, admissions and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. 317, 322. The substantive law determines materiality. Only those facts that might be outcome-determinative under the current law are material. A "genuine" issue of material fact is present "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

In this diversity action asserting contractual and tortious claims, Virginia law will guide this Court's decision in assessing the various claims asserted by Plaintiff RBR. District courts sitting in diversity actions must apply the choice of law rule of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941); *Sneed v. American Bank Stationary Co.*, 764 F. Supp. 65, 66 (W.D. Va. 1991); *Boginis v. Marriott Ownership Resorts*, 855 F. Supp. 862, 865-66 (E.D. Va. 1994). When the cause of action is one for tortious conduct, Virginia applies the doctrine of lex loci delecti and selects the law of the site  of the tortious activity. *Ryder Truck Rental, Inc. v. UTF Carriers, Inc.*, 790 F. Supp. 637, 641 (W.D. Va. 1992). When the cause of action is contractual in nature, Virginia choice of law rules generally require the contract to be governed by the law where the contract was made. However, if the contract is made in one state but is to be performed in a different state, the governing law is that of the place of performance. *Sneed* at  67; *Ryder Truck Rental*, 790 F. Supp. at 642. The policy behind this exception is that the  parties intended the law of the place of performance to

10

govern, and that they would have expressed a contrary intent in the contract. *Sneed* at 67 (*citing* Michie's Jurisprudence Conflict of Laws, Domicile and Residence § 25 (1990)).

**II.    SUMMARY JUDGMENT SHOULD BE DENIED AS TO COUNT V – FRAUD**

Plaintiff RBR's request for summary judgment against Defendant Tolley for fraud should be denied as material issues of fact remain in dispute as to the existence of false statements, the lack of knowing intention to mislead and absence of reliance of Plaintiff RBR on any such assertions.  Further, Plaintiff RBR seeks tort redress for duties which squarely arose from a contract between Plaintiff RBR and SPGI.   As a dispute exists as to material facts underlying Plaintiff RBR's claims for fraud, summary judgment is not appropriate and the parties should be entitled to a trial on the merits of this claim.

**A. Defendant Tolley made no false representations of material facts with the intention to mislead**

Under Virginia law, in order to prevail on a claim of fraud, the plaintiff must prove by clear and convincing evidence "(1) a false representation (2) of a material fact (3) made intentionally and knowingly (4) with intent to mislead, (5) reliance by the party mislead, and (6) resulting damage to the party misled." *Richmond Met. Auth.*, 507 S.E.2d at 346. Constructive fraud requires that "a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of reliance upon the misrepresentation." Id. at 347.  Fraud must relate to a present or pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements of future events. *Patrick v. Summers,* 235 Va. 452, 369 S.E.2d 162, 164, 4 Va. Law Rep. 2949 (Va. 1988); *Poth* at 825.

Although a party may also commit fraud by "concealment," which the law treats as the equivalent of an affirmative misrepresentation, concealment requires "evidence of a

knowing and deliberate decision not to disclose a material fact." *Norris v. Mitchell*, 255 Va. 235, 241, 495 S.E.2d 809 (1998). Accordingly, actual fraud by concealment involves the intentional and willful nondisclosure "of a material fact by one who knows that the other party is acting upon the assumption that the fact does not exist." *Allen Realty Corp. v. Holbert*, 227 Va. 441, 318 S.E.2d 592 (1984); *see also Bank of Montreal v. Signet Bank*, 193 F.3d 818, 827 (4th Cir. 1999) (holding that fraud by concealment requires actual intent to conceal a fact from the other party, and reckless non-disclosure is not actionable). Concealment may constitute constructive fraud where a party lacks the intent to conceal a material fact, but the party had a duty to disclose information and its failure to disclose causes damage to one reasonably relying upon that omission. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 369, 585 S.E.2d 578' (2003) (*citing Nationwide Mut. Ins. Co. v. Hargraves*, 242 Va. 88, 92-93, 405 S.E.2d 848, 7 Va. Law Rep. 2858 (1991)); *see also Ware v. Scott*, 220 Va. 317, 320-21, 257 S.E.2d 855 (1979)(holding that a party's silence will not constitute fraud unless that party has a duty of disclosure).

In order to maintain both a breach of contract and a tortious breach of duty, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Id. *Poth v. Russey*, 281 F. Supp. 2d 814, 824 (E.D. Va. 2003). It is well-settled in Virginia law that a duty to disclose information does not normally arise when the parties are engaged in an arm's length transaction. *See Costello v. Larsen*, 182 Va. 567, 29 S.E.2d 856 (1944)("plaintiff was dealing with defendant at arm's length [and, therefore,] it was the duty of plaintiff to make inquiry in regard to the true status of affairs"). Courts in Virginia do

recognize that such a duty may arise when silence would amount to a misrepresentation. *See Wojcik v. Burgess*, 40 Va. Cir. 96, 1995 WL 1056037 (Va. Cir. 1995) (citing 37 Am. Jur. 2d, Fraud and Deceit, § 146); *see, e.g., Poth* at 814; *Patrick v. Summers*, 235 Va. 452, 369 S.E.2d 162, 4 Va. Law Rep. 2949 (Va. 1988).

The relationship between Plaintiff RBR and SPGI arose from a contract for services.  (*RBR* Exhibit B). The duties owed by SPGI, and derivatively, Defendant Tolley as a representative of SPGI, arose from said contract. *Id.* Plaintiff RBR fails to identify undisputed facts supporting actual or constructive fraud by Defendants SPG, SPGI or Dr. Tolley.

It is undisputed that during the timeline of events in this case, Defendants SPG and SPGI endured the impact of an unprecedented global pandemic which adversely affected SPG and SPGI's ability to conduct business.  (*RBR* Exhibit A, Burns Depo. Vol. 1, P. 91-95; RBR Exhibit K, Burns Depo. Vol. 2, P. 208-209, 215; RBR Exhibit L, Tolley Depo. Vol. 2, P. 245).  Prior to March 2019, Defendants SPG and SPGI had vetted and begun working with potential investors.  (*Tolley* Exhibit 1, Tolley Depo. Vol. 1, 42).  Once the pandemic started, efforts to secure investment funding came to a standstill due to unforeseen circumstances and barriers as a result of lockdowns within and outside of the United States and other foreign countries prevented ready access to funding and making impossible the completion of investment transactions, particularly investment transactions of the size and scope at issue in this case. (*RBR* Exhibit A, Burns Depo. Vol. 1, P. 91-95; Tolley Exhibit 1, Tolley Depo. Vol. 1., P. 49-53).

The representation of an accounting error as being the basis for non-payment of subcontractor invoices submitted to Defendant's SPG and SPGI was explained by

Defendant Tolley and Corporate Designee Thomas Burns.  (*RBR*, Exhibit A, Burns Depo. Vol. 1, P. 113).  Quite simply, the companies anticipated the receipt of funds which did not materialize and believing those funds to be imminently forthcoming struggled to address cash flow issues when the funds did not become available as expected. *Id.*

The existence of an investor, formal investment agreements and purchase agreements, regular updates on transactions being sought and efforts to secure funding were not false. (RBR Exhibit A, Burns Depo. Vol. 1, P. 96-100, 104-107; RBR Exhibit K, Burns Depo. Vol. 2, P. 169-170, 181, 182-183).  The duties owed by Defendants to protecting the identity of the investor and any investment activities is well-documented by multiple non-disclosure agreements and written updates as to the investment efforts. (Tolley, Exhibit 2, Non-Disclosure Agreement, Tolley 10008 – 10012; Tolley Exhibit 3, Nondisclosure Agreement, Tolley 10013 – 10015; Tolley Exhibit 4 Pritt Investment Partners Commitment to SP Global, Inc., Tolley 10394; Tolley Exhibit 5, Pritt Investment Partners Offer, Tolley 10395 – 10397; Tolley Exhibit 6, Pritt Sworn Statement on Funding, Tolley 10398 - 10399).  Said non-disclosure agreements prevented discussions of any details of the investor's activities.  (Tolley Exhibit 2 and 3).  Therefore, Defendants could not share said details with Plaintiff RBR.  The failure to share said details did not amount to fraud as Defendant Tolley nor the corporate Defendants had any duty outside of their subaward contract to Plaintiff RBR.  Plaintiff RBR remained in regular contact with SPGI up and through May 2021 regarding the status of payment.  (Tolley Exhibit 12, Text Messages, RBR 50-52).  Taken in context, the information provided to Plaintiff in light of the investment efforts which did not materialize show the basis for Defendants statements and actions.  Plaintiff RBR does not and cannot assert that the investor does not exist

and that formalities relating to the investment efforts were not observed.

Instead, Defendants acknowledged that Plaintiff RBR performed work for which an invoice was provided and agreed that said invoices should be paid.  No dispute as to the work performed was made.  No dispute as to the invoiced work was made.  Instead, Defendant Tolley offered to provide Plaintiff RBR with an additional 18% APY given the trouble that had ensued as a result of the investment monies not arriving as expected. (RBR Exhibit B, RBR 37-40; E.C.F. No. 1 ¶ 44; E.C.F. No. 15 ¶ 44; E.C.F. No. 16 ¶ 44). Therefore, Plaintiff RBR's motion for Summary Judgment should be denied as to Count V for Fraud against Defendant Tolley.

### B. Plaintiff RBR has failed to identify undisputed facts supporting the contention that its grievances sound in tort rather than in contract

Defendant Tolley possessed no fiduciary duty to Plaintiff RBR.  Naked allegations of fraud and misrepresentation, negligence or contractual breaches, express or implied, are not sufficient. There must be a duty before there can be a cause of action for a breach of that duty. Plaintiff RBR must allege such facts that will permit a finding that Defendant Tolley, as an individual, and not as officers or agents of a corporation, is guilty of fraud or misrepresentation; or that he had an obligation to Plaintiff RBR beyond the contract.

Any duty owed to Plaintiff RBR by SPGI, SPG and therefore Defendant Tolley arises from the contract between the companies.  The law of torts is well equipped to offer redress for losses suffered by reason of a "breach of some duty imposed by law to protect the broad interests of social policy." *Kamlar [Corp. v. Haley*, 224 Va. 699, 706, 299 S.E.2d 514, 517 (1983).] Tort law is not designed, however, to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement. That type of compensation necessitates an analysis of the damages which were within the

contemplation of the parties when framing their agreement. It remains the particular province of the law of contracts. *See id.; Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.,* 236 Va. 419, 425, 374 S.E.2d 55, 58, 5 Va. Law Rep. 1040 (1988). "[L]osses suffered as a result of the breach of a duty assumed only by agreement, rather than a duty imposed by law, remain the sole province of the law of contracts." *Id.*

The question whether the economic loss doctrine applies requires a court first to determine "whether a cause of action sounds in contract or tort," ultimately by ascertaining "the source of the duty violated." *Richmond Metro. Auth.* at 347; *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 148, 8 Va. Law Rep. 1000 (1991); *Dunn Construction Co., Inc. v. Cloney*, 278 Va. 260, 266-67, 682 S.E.2d 943, 946 (2009); *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 360-61, 699 S.E.2d 483, 488-89 (2010).  In *Lloyd v. Smith*, 150 Va. 132, 145, 142 S.E. 363, 365 (1928), the court ruled that "an action based upon fraud must aver the misrepresentation of present pre-existing facts, and  cannot ordinarily be predicated on unfulfilled promises or statements as to future events. Were the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." *See also Boykin v. Hermitage Realty*, 234 Va. 26, 29, 360 S.E.2d 177, 178, 4 Va. Law Rep. 425 (1987).

"[A]n action in tort for deceit and fraud may sometimes be predicated on promises which are made with a present intention not to perform them . . . . [T]he gist of fraud in such case is not the breach of the agreement to perform, but the fraudulent intent . . . . [T]he fraudulent purposes of the promisor and his false representation of an existing intention to perform . . .  [*363]  is the misrepresentation of a fact . . . . [T]he state of the promisor's mind at the time he makes the promise is a fact, and . . . if he represents his

state of mind . . . as being one thing when in fact his purpose is just the contrary, he misrepresents a then existing fact." *Id.* at 29, 360 S.E.2d at 178-79 (*quoting Lloyd*, 150 Va. at 145-46, 142 S.E. at 365-66); *See Dunn Construction*, 278 Va. at 268, 682 S.E.2d at 947 ("The fact that the representation was made in order to obtain payment . . . does not take the fraud outside of the contract relationship."); *Augusta Mutual*, 274 Va. at 206, 645 S.E.2d at 294 ("The duties that [the agent for the insurance company] allegedly violated by making fraudulent representations . . . arose solely by virtue of the Agency Agreement."); *Filak*, 267 Va. at 618, 594 S.E.2d at 613 ("[T]he plaintiffs' claim . . . merely sought recovery for losses allegedly suffered as a result of [the defendant's] failure to fulfill her oral contract."); and *Richmond Metro. Auth.*, 256 Va. at 560, 507 S.E.2d at 348 ("Nothing in the record suggests that [the defendant] did not intend to fulfill its contractual duties at the time it entered into the [contract]."); *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 362-63, 699 S.E.2d 483, 490 (2010).

Here, the duties owed to Plaintiff RBR arose from a contract.  An obligation to pay Plaintiff RBR for work performed for SPGI arose from a contract.  (RBR Exhibit B, Subaward).  SPGI's inability to pay for work performed and the consequences of said inability are addressed in the contract with Plaintiff RBR.  *Id.*  Plaintiff RBR has failed to allege material facts in dispute which permit summary judgment to be entered against Defendant Tolley, an individual.  Defendant Tolley owed duties to SPG and SPGI by virtue of his roles with both companies, Defendant Tolley's actions to transfer monies was directed by Thomas Burns and the status of investment activities providing the basis for any assertions by Defendant Tolley to representatives of Plaintiff RBR were made at Thomas Burn's direction.  (RBR Exhibit A, Burns Dep. Volume I, P. 90-91; See also RBR

Exhibit L, Tolley Dep. Volume 2, P. 241, L. 11-19, P. 242, :. 9-13).  Further, Mr. Burns consulted with counsel prior to directing the movement of the money and the change in the account structure maintained by the corporations.   (RBR Exhibit L, Tolley Dep. Volume 2, P. 244, L. 17-25).  Plaintiff RBR has not alleged material undisputed facts permitting summary judgment against Defendant Tolley, an individual, for fraud.

### III.   SUMMARY JUDGMENT SHOULD BE DENIED AS TO COUNTS III AND VI – MATERIAL MISREPRESENTATION

The essence of constructive fraud is negligent misrepresentation. *Mortarino v. Consultant Eng'g Serv.*, 251 Va. 289, 295, 467 S.E.2d 778, 782 (1996). In the present case, Plaintiff RBR's allegations of constructive fraud are nothing more than allegations of negligent performance of contractual duties and are, therefore, not actionable in tort. A tort action cannot be based solely on a negligent breach of contract.  *Richmond Metro. Auth. v. McDevitt St. Bovis*, 256 Va. 553, 557-59, 507 S.E.2d 344, 346-47 (1998). Although certain circumstances exist allowing a court to consider a tort remedy from a contractual relationship, that circumstance does not exist here.  *Dunn Constr. Co. v. Cloney,* 278 Va. 260, 266, 682 S.E.2d 943 (2009)(*citing Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144, 8 Va. Law Rep. 1000 (1991); *Fenner BL, LLC v. Fenner Garden Partners, LLC*, 101 Va. Cir. 483, 486 (Cir. Ct. 2018).  Whereas here, there is no assertion that SPGI, SPG or Defendant Tolley did not intend for SPGI to fail to fulfill its contractual duties, there is no claim for fraud.  *Richmond Metro Auth.* at 560.

RBR has failed to assert undisputed material facts to support this Court granting a Motion for Summary Judgment as to Count III and VI because disputed material facts exist as to the claim that Defendant Tolley made material misrepresentations to Plaintiff

RBR.  Defendant Tolley made no misrepresentation of material facts to Plaintiff RBR with the intent to mislead nor in any negligent manner.  All statements made by Defendant Tolley to representatives of Plaintiff RBR were made with information then presently known and available regarding efforts by Defendants SPG and SPGI to secure investment funding.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P. 45, 49-53).  Further, Defendant Tolley's knowledge of said efforts came not only from his personal knowledge but also at the direction of Thomas Burns, CEO of Defendant SPG and fellow Board Member of Defendant SPGI, who was the direct point of contact for the investor with the Defendants.  (RBR Exhibit L, Tolley Depo. Vol. 2, P. 206).  Defendant Tolley advised that any statements as to Defendant ability to pay Plaintiff's outstanding invoices were made with then presently known and available information as to the status of forthcoming investment funds.  *Id.*  Defendant Tolley's knowledge was supported by text, verbal and email communications with Thomas Burns and the investor as to the statement of the funds and efforts utilizied to secure the funding.  (Tolley Exhibit 8, Emails, Tolley 16534 – 166574, Tolley Exhibit 11, Text Messages).

Whether the investor had prior dealings with the Defendants prior to agreeing to invest in the companies does not equate to any illegitimacy of the investment efforts. Instead, Plaintiff RBR fails to note that Defendant SPG and SPGI's dealing with the potential investor started in 2017 well before the ARC Net Contract at issue in this case was secured.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P. 42, 70).  In addition, Defendant SPG and SPGI observed written formalities in their dealings with the investor to include the execution of investment agreements well before the start of the ARC Net Contract and up until and through the pandemic Defendant SPG and SPGI.  (Tolley Exhibits 2-6).

Further, Defendant SPG, SPGI, Thomas Burns and at times, Defendant Tolley were in regular contact with the investor regarding international challenges posed to the completion to the investment.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P. 49-53).

In support of its Motion for Summary Judgment, Plaintiff RBR asks this court to rely upon documentation to include google searches, references to online reviews and other materials which were not provided in discovery, materials that contain hearsay within hearsay from unknown declarants and for which no sworn affirmations were provided. (See Paragraphs 80-85 of Plaintiff RBR's Statement of Undisputed Facts).  The choice of investors, the vetting of any investor and infusion of capital to the businesses and the timing of any receipt of potential investment monies are factual disputes which require litigation before a fact finder.  As such, Defendant Tolley's reliance upon that information and the propriety of his actions based upon that information are issues to be determined at trial as disputes exist as to these facts.

## IV.  SUMMARY JUDGMENT SHOULD BE DENIED AS TO COUNT VII – PIERCE CORPORATE VEIL

The Virginia Supreme Court holds that "the proposition is elementary that a corporation is a legal entity entirely separate and distinct from the shareholders or members who compose it.  This immunity of stockholders is a basic provision of statutory and common law and supports a vital economic policy underlying the whole corporate concept." *Cheatle v. Rudd's Swimming Pool Supply Co., Inc.*, 234 Va. 207, 212, 360 S.E.2d 828, 831, 4 Va. Law Rep. 805 (1987); *accord Beale v. Kappa Alpha Order*, 192 Va. 382, 397, 64 S.E.2d 789, 797 (1951). The decision to ignore the separate existence of a corporate entity and impose personal liability upon shareholders for debts of the corporation is an extraordinary act to be taken only when necessary to promote

justice. *O'Hazza*, 246 Va. at 115, 431 S.E.2d at 320; *Cheatle*, 234 Va. at 212, 360 S.E.2d at 831.

The Virginia Supreme Court has further stated that "no single rule or criterion . . . can be applied to determine whether piercing the corporate veil is justified," *O'Hazza*, 246 Va. at 115, 431 S.E.2d at 320, and that the corporate entity will be disregarded and the veil pierced only if:

> The shareholder sought to be held personally liable has controlled or used the corporation to evade a personal obligation, to perpetrate fraud or a crime, to commit an injustice, or to gain an unfair advantage. . . . Piercing the corporate veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and the individual no longer exist and to adhere to that separateness would work an injustice.

*Greenberg v. Commonwealth*, 255 Va. 594, 604, 499 S.E.2d 266, 272 (1998) (*quoting O'Hazza*, 246 Va. at 115, 431 S.E.2d at 320- 21); *accord Lewis Trucking Corp. v. Commonwealth*, 207 Va. 23, 31, 147 S.E.2d 747, 753 (1966). The decision to disregard a corporate structure to impose personal liability is a fact-specific determination, and the factual circumstances surrounding the corporation and the questioned act must be closely scrutinized in each case. *Greenberg*, 255 Va. at 604, 499 S.E.2d at 272.

Finally, the Virginia Supreme Court has been very reluctant to permit veil piercing permitting this action only "an extraordinary exception" justifying disregarding the corporate entity and piercing the veil. *Id.*; *Cheatle*, 234 Va. at 212, 360 S.E.2d at 831; *Beale*, 192 Va. at 397, 64 S.E.2d at 797-98. plaintiff must show that the corporate entity was the *alter ego*, alias, stooge, or dummy of the individuals sought to be charged personally and that the corporation was a device or sham used to disguise

wrongs, obscure fraud, or conceal crime. *Lewis Trucking Corp.* v. *Commonwealth*, 207 Va. 23, 31, 147 S.E.2d 747, 753 (1966).  Other factors considered for this extraordinary remedy include failure to maintain adequate corporate records or to comply with corporate formalities, the commingling of corporate funds with personal funds, undercapitalization of the corporation so as to frustrate creditors, making fraudulent transfers of corporate funds by the dominant shareholder, non-functioning of other officers and directors; and breach of a fiduciary duty to creditors.  *Curley v. Dahlgren Chrysler-Plymouth, Dodge, Inc.*, 245 Va. 429, 429 S.E.2d 221 (1993); *Cheatle*, 234 Va. at 212, 360 S.E.2d at 831; *Beale*, 192 Va. at 397, 64 S.E.2d at 797-98. No such undisputed factual showing has been asserted against Defendant Tolley.

Plaintiff RBR does not and cannot assert undisputed facts that SPG and SPGI failed to follow corporate formalities.  Plaintiff RBR cannot and does not assert that Defendant Tolley converted corporate assets for his personal use or gain.  Plaintiff RBR cannot and does not assert that Defendant Tolley used SPG and SPGI to obscure a wrong, obscure a fraud or conceal a crime.  Instead, Plaintiff RBR acknowledges that SPG and SPGI have been working with an investor to secure an infusion of capital into the companies during an unprecedented global pandemic which interfered with their ability to do business.  Further, Defendant Tolley's statements regarding the status of potential resolution of invoice payments all arose based upon then, presently known information about the forthcoming infusion of capital into the businesses.

Plaintiff RBR raises the failure to ask for a proof of funds from the investor as if that action is a required business practice which, if ignored, suggests fraud.  Instead, if such a practice is prudent, then the failure to do so suggest poor business decision

making. In this, Plaintiff RBR seeks for the Court to question the business judgment of Defendants.  The business judgment rule is a presumption that, when making business decisions, the directors of a corporation act on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the corporation. Va. Code § 13.1-690; *Dellastatious v. Williams,* 242 F.3d 191, 195-96 (4th Cir. 2001); *Lake Monticello Owners' Ass'n v. Lake,* 250 Va. 565, 463 S.E.2d 652, 655-56 (Va. 1995); *Penn v. Pemberton & Penn, Inc.,* 189 Va. 649, 53 S.E.2d 823, 829 (Va. 1949).  A court generally will not substitute its judgment for that of the board of directors, unless the plaintiffs show that the directors' decision involved a breach of fiduciary duty, such as fraud, bad faith or unconscionable conduct. *See Dellastatious,* 242 F.3d at 195-96; *WLR Foods, Inc. v. Tyson Foods, Inc.,* 65 F.3d 1172, 1185-86 (4th Cir. 1995); <u>Poth v. Russey</u>, 281 F. Supp. 2d 814, 826 (E.D. Va. 2003).  No such showing has been made here.

SPG and SPG Global observed appropriate corporate formalities including regular annual meetings, reports to investors and required corporate filings.  (Tolley Exhibit 8, Articles of Incorporation of SPG Institute, Inc., Tolley 203-238; Tolley Exhibit 9, Bylaws of SPG Institute, Inc., Tolley 92016; Tolley Exhibit 10, Consulting Agreement between SP Global, Inc. and SPG Institute, Inc., Tolley 164-171).  Further, the relationship between SPG and SPGI was memorialized in a written agreement.  *Id.* Defendant Tolley was not a sole shareholder nor sole director or officer of each corporation.  (Tolley Exhibit 1, Tolley Depo. Vol. 1, P. 20-21).  Rather, he served in a director/officer role of SPG and as a board member of SPGI.  *Id.* Thomas Burns, the corporate designee of both entities, served in leadership roles in both entities.  (RBR Exhibit A, Burns Depo. Vol. 1, P. 11-15).  Others

held positions regarding head of financial matters and other roles. *Id.* The subaward contract with Plaintiff RBR was one of many contracts held by SPG or SPGI and just one of many projects handled by each entity.  Any business decision to transfer monies from SPGI accounts to SPG for the purpose of addressing the salaries and overhead of the businesses operating the federal contract was a business decision for a business purpose. (RBR Exhibit A, Burns Dep. Volume I, P. 90-91; See also RBR Exhibit L, Tolley Dep. Volume 2, P. 241, L. 11-19, P. 242, :. 9-13).  Further, Mr. Burns consulted with counsel prior to directing the movement of the money and the change in the account structure maintained by the corporations.   (RBR Exhibit L, Tolley Dep. Volume 2, P. 244, L. 17-25).  Therefore, there are genuine issues of material facts in dispute as to Plaintiff RBR's request for summary judgment on its claim of piercing the corporate veil. Therefore, summary judgment should be denied.

## CONCLUSION

For the reasons set forth above, Defendant Tolley requests that this Court deny Plaintiff's Motion for Summary Judgment.

DR.  DAN TOLLEY
By Counsel

LEARY LAW, P.C.

_____/s/_____
Christie A. Leary, Esquire
State Bar I.D. 46338
Counsel for Defendant Dr. Dan Tolley
10505 Judicial Drive, Suite 203
Fairfax, Virginia 22030
Phone – 703-359-7111
Fax – 703-543-5478
Email –   christie.leary@leary-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2021 a copy of the

foregoing was sent via the ECF System to the following:

Mark Shaffer, Esquire
Edward DeLisle, Esquire
Justine Baakman, Esquire
Counsel for Plaintiff
Offit Kurman, P.A.
8000 Towers Crescent Drive, Suite 1400
Tysons Comer, Virginia 22182
Phone: 703-745-1820
Facsimile: 703-745-11835
Email: mark.shaffer@offitkurman.com
      Edward.delisle@offitkurman.com
      Justine.baakman@offitkurman.com

Kyung (Kathryn) Dickerson, Esquire
Counsel for SP Global Inc. and SPG Institute, Inc.
Smolen Plevy
8045 Leesburg Pike, Suite 540
Vienna, VA 22182
Phone: 703-790-1900
Facsimile: 703-790-1754
Email: kndickerson@smolenplevy.com

_____/s/_____
Christie A. Leary

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RBR-TECHNOLOGIES, INC.                    :
                                          :
            Plaintiff,                    :
                                          :
       v.                                 :         Case No.1:21 cv 00213
                                          :
SPG INSTITUTE, INC., *et al.*             :
                                          :
            Defendants.                   :

### EXHIBITS IN SUPPORT OF MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**EXHIBIT 1**   Confidential Tolley Deposition Volume 1, August 4, 2021

**EXHIBIT 2**   Confidential - Mutual Nondisclosure Agreement - SPG and Scott Trip.073018 - Tolley 010008 - Tolley 010012

**EXHIBIT 3**   Confidential - Mutual Nondisclosure Agreement 2.061018 - Tolley 010013 - Tolley 010015

**EXHIBIT 4**   Confidential - Pritt Investment Partners Commitment to SPG – Tolley 010394

**EXHIBIT 5**   Confidential - Pritt Investment Partners Offer.051421 - Tolley 010395 – Tolley 010397

**EXHIBIT 6**   Confidential - SPG Pritt Sworn Statement on Funding.071321 - Tolley 010398 - Tolley 010399

**EXHIBIT 7**   Confidential - Emails - Modified Operating Agreements and Consents for Tripp - Tolley 016534 -Tolley 016574

**EXHIBIT 8**   Articles of Incorporation - SPGI - Tolley 000203 - Tolley 000238

**EXHIBIT 9**    SPGI - Bylaws 092016

**EXHIBIT 10**   SPGI to SPG Consulting Agreement 010119 - Tolley 000164 - Tolley 000171

**EXHIBIT 11**   Confidential - Text Messages - ST and DT - Tolley 016492 - Tolley 016532

**EXHIBIT 12** - Text Messages - Ken Wall & Chris Taylor - RBR 000050 - RBR 000052